(42 Misc. Rep. 436.)

### WEEKS v. CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County. January, 1904.)

1. **EQUITABLE ASSIGNMENTS—PRIORITIES.**

    A city contractor, after partial performance, defaulted, and was paid by the city for what he had done. Thereafter, with the consent of the city, he assigned the contract to a surety, who completed it, and received a certificate of the payment due. Thereafter such surety, with the consent of the city, assigned his claim to one who assigned it to plaintiff. Before anything had been earned on the original contract, the contractor, with the consent of the city, assigned to a firm, which furnished neither labor nor material under the contract, a sum alleged to be a first lien on the final payment to secure a past-due debt. *Held*, that the rights of the plaintiff in an action against the city to recover his claim out of the balance due by the city to the surety were superior to the assignment of the firm, though subsequent in point of time.

Action by Frederick D. Weeks against the city of New York and others. Judgment for plaintiff and for defendant Paladino.

Weeks Brothers, for Frederick D. Weeks.

George L. Rives, Corp. Counsel, for city of New York.

Jacob Marks, for surety companies.

Kellogg & Rose, for Luther L. Kellogg.

Baggott & Ryall, for Peters, Calhoun & Co.

Frederic Swift, for City Trust Co.

Hermann Lindheimer, for Paladino.

Abraham Nelson, for Muertzhagen, administrator.

DAVIS, J. On January 16, 1895, one Domenico Lordi entered into a contract with the city of New York for the furnishing, delivering, and laying of water mains from shaft No. 25, new aqueduct, to the pumping station at Highbridge, in the city of New York, and at the same time gave a bond to secure the faithful performance of the contract in the penal sum of $20,000, with sureties, one of whom was the defendant Michael Paladino. The contractor Lordi began work under the contract in January, 1896, and stopped work and abandoned the contract in October, 1896. At the time of the abandonment of the contract Lordi had performed work amounting to the value of $6,990, on account of which he had been paid $6,291, 10 per cent. having been retained under the provisions of the contract until the work should be completed. In April, 1897, no work having been done under the contract since its abandonment by Lordi in 1896, the commissioner of public works served a notice upon Lordi, declaring the contract abandoned, and that the work was unnecessarily delayed, and that it would be re-advertised and relet. Thereupon Lordi, in June, 1897, with the written consent of the commissioner of public works and of the other sureties, assigned the contract to Paladino, one of his sureties on the bond given for the faithful performance of the contract. Paladino immediately began work under the contract, and completed it in January, 1898. In March, 1898, the inspector in charge of the work, the assistant engineer, chief engineer, and commissioner of water supply (who, under the Greater New York Charter, had taken the place of the commissioner of public works) certified that the work had been satisfac-

torily completed, and that the claimant was entitled to payment of $3,422.15. Subsequently it was certified that he was also entitled to the 5 per cent. withheld under the contract to cover possible repairs, to wit, $584.09, which made a balance of $4,006.24. On March 2, 1898, Paladino assigned $3,975.16 of his claim to one Bouve, with the consent of the commissioner of public works, and Bouve thereafter assigned it to the plaintiff. In March, 1895, before anything had been earned under the contract, Lordi assigned to Peters, Calhoun & Co. $754.47, purporting to be a first lien upon the final payment under the contract, to which assignment, however, the consent of the commissioner of public works was not obtained. Subsequently Lordi revoked this agreement. This assignment was made to cover a prior indebtedness in no way connected with the work under the contract, and Peters, Calhoun & Co. did nothing on the contract, and furnished no supplies or materials. On February 10, 1896, Lordi assigned the contract to Barilati, to which assignment the commissioner of public works gave no assent. Barilati failed to carry out the contract, and in fact never did any work under the contract. In April, 1896, Lordi and Barilati made an assignment to one Pearsall to the extent of $1,784.79, purporting to be a first lien on the final payment under the contract, with the consent of the commissioner of public works. On June 29, 1897, Pearsall assigned whatever interest he had to the defendant Bernard Mahon. Subsequently Mahon assigned to the defendant Kellogg without the consent of the commissioner of public works. On September 6, 1898, the defendant Kellogg, as the attorney for one Bernard Mahon under the assignment from said Mahon, received from the city of New York $2,040.30, being $1,784.79 and interest, out of the final payment under the Lordi contract; the said Mahon first giving a bond to indemnify the city of New York against any loss for such payment in the penal sum of $4,000, and executed by two surety companies, both of which have been made parties defendant herein. The defendant Kellogg did no work and furnished no material and rendered no services under the contract, but simply took the assignment as attorney for said Bernard Mahon, and afterward paid over the money to his client. The plaintiff asks for judgment against the city for the balance due under the assignments to plaintiff, etc. The other defendants were brought in by order of the court, made upon the application of the city, in order that the sureties might be bound by any judgment the plaintiff could recover against the city for the money collected by the defendant Kellogg, and in order that all claims and moneys due under the contract might be here determined. The defendant Mahon is dead, and the action has not been revived against his legal representatives. The plaintiff at the trial, however, stated that he made no claim against the estate of said Mahon. The defendants Peters, Calhoun & Co. and the defendant Kellogg claim a first lien upon the balance due under the contract. The defendant surety companies contend that, as the bond was given to the city of New York for the payment of money to Bernard Mahon only, and as the city had paid it to Kellogg, they were not liable. The mere fact that the assignments held by Peters, Calhoun & Co. and Kellogg were made prior to that of the plaintiff does not necessarily give them a prior right. The fact that Lordi aban-

doned his contract, and before its abandonment received all that became due to him, will defeat these claims of priority. When Lordi abandoned the contract he had been paid all that he was entitled to be paid for the work he had performed up to that time. Any assignment made prior to the abandonment of the work of money thereafter to become due under the terms of the contract was simply an assignment of so much money which might thereafter, from time to time, become due to him (Lordi) for the carrying on of the contract. The final payment never became due to Lordi, because the contract, having been abandoned by Lordi, was carried out and completed by the plaintiff's assignor, Paladino. I am therefore of opinion that the plaintiff's claim has priority, and that he is entitled to the payment thereof from the city. Conselyea v. Blanchard, 103 N. Y. 222, 231–233, 8 N. E. 490; Rodbourn v. S. L. Grape & Wine Co., 67 N. Y. 215, 217; Spicer v. Snyder (Sup.) 12 N. Y. Supp. 744. Judgment should therefore be entered for the plaintiff against the city for the amount demanded, with interest from June 16, 1899, with costs and extra allowance of $50 against the city. The defendant Paladino should also recover judgment for $31.08 against the city, the balance of his claim after deducting the claim assigned to plaintiff. As the defendant Mahon is dead, and his legal representatives have not been brought into this action, I do not see how I can determine here the question of liability as between Kellogg, Mahon, the surety companies, and the city of New York. That liability, under the circumstances, must be settled in a separate action.

Judgment accordingly.